Per Curiam.

Petitioner bases bis present action in habeas corpus, first, on the ground that his trial counsel was incompetent, second, on the fact that he was denied a bill of exceptions by the trial court, and, third, on the claim that the Court of Appeals refused to appoint counsel to represent him on his appeal.
Questions as to competency of counsel are not cognizable in habeas corpus but must be raised on appeal. Jackson v. Maxwell, Warden, 174 Ohio St., 32; and Gallagher v. Maxwell, Warden, 175 Ohio St., 440.
Next, petitioner contends that he was denied equal protection because of the refusal of the trial court to furnish him the bill of exceptions. Petitioner filed his motion for a bill of exceptions in the trial court. His motion was denied. Petitioner had the right to appeal from such denial but failed to do so. State v. Frato, 168 Ohio St., 281. The refusal of a bill of exceptions is a question which must be prosecuted by appeal and is not cognizable in habeas corpus. Tinsley v. Maxwell, Warden, 176 Ohio St., 185.
Finally, petitioner urges that the refusal of the Court of Appeals to provide him with counsel to prosecute his appeal denied him the equal protection of the law. McCoy v. Maxwell, Warden, 176 Ohio St., 249. There is no evidence that such request was ever made.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.